IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACQUELYN GILES, Individually and as Special Administrator of the Estate of Jeff L. Giles, Deceased,<br><br>**Plaintiff,**<br><br>v.<br><br>WYETH, INC. a Delaware Corporation and its wholly-owned subsidiary, WYETH PHARMACEUTICALS, formerly known as AMERICAN HOME PRODUCTS CORPORATION,<br><br>**Defendants.** | Case No. 04-4245-JPG |

## DEFENDANT WYETH'S MOTION IN LIMINE TO EXCLUDE AN UNDISLOSED EXPERT, KEITH ALTMAN, FROM TESTIFYING

### INTRODUCTION

Plaintiff's proposed witness, Keith Altman, is a chameleon. In some cases, he serves as a non-testifying consultant for trial lawyers, including plaintiff's counsel, who are suing pharmaceutical makers. In other suits, he testifies as a purported expert witness on the subject of drug company and FDA databases. Here, Altman has been named, belatedly, as a "fact" witness, although he was not involved in any of the underlying facts. Whether labeled fact or expert, Altman was not properly disclosed under FED. R. CIV. P. 26(a)(1) or (a)(2) as a witness of any kind and, therefore, his testimony should be excluded.

### FACTUAL BACKGROUND

Plaintiff has repeatedly flaunted obligations to disclose Altman as a witness. Plaintiff's Initial Disclosures, which were served several months late on October 21, 2005, did not list Altman as a possible witness. (Plaintiff's Initial Disclosures 1-3.) Plaintiff's Expert Disclosures,

served on October 2, 2006, also did not mention Altman. (Plaintiff's Expert Disclosures 1-2). The discovery deadline of February 6, 2007 came and went without plaintiff referring to Altman as a witness of any type.

Plaintiff's Supplemental Initial Disclosures, served on May 21, 2007, indicated the only supplementation of witnesses "is as to any people identified during discovery in this case or in other Effexor/suicide cases. All witnesses will be reflected on our witness list. ***We do not believe that there are any surprises there.***" (Plaintiff's Supplemental Initial Disclosures 2) (emphasis added).

In describing "all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses" on her Supplemental Initial Disclosures, plaintiff states "the vast majority of documentary evidence is that which has been produced by you during discovery in this or other Effexor suicide cases. This includes adverse event data in your S3 database, as well as the FDA's MedWatch databases, all as discussed by Mr. Altmann [sic] in the discovery hearing in the *Ackermann* case." *Id*. Although Altman's name appeared in that document, he was not identified as a witness.

Plaintiff's Trial Witness List, served on Wyeth on May 22, 2007 -- three weeks before the then-scheduled trial date, and long after all discovery had closed -- listed Altman as a "Non-Expert Witness" and provided no description of what Altman could be expected to testify about. This is the first and only time Altman has been identified as a possible witness in this case. This "disclosure," to the extent it even qualifies as one, is too little, too late.

## ARGUMENT

Because plaintiff failed to make an adequate disclosure regarding Altman, Wyeth does not know the exact nature of his proposed testimony in this case. Wyeth knows that Altman is

2

an expert witness for hire -- by plaintiff's counsel in drug cases -- to interpret codes and extract data from complex databases, and to criticize how pharmaceutical companies handle their adverse event reporting. That is not "fact" testimony. Altman cannot testify about "facts" he has supposedly learned while working as an expert or consultant in prior cases. Plaintiff cannot slip in expert testimony through Altman, nor can she evade her obligation to timely designate him as an expert. Whatever label plaintiff places on Altman, however, she has failed to make adequate disclosures regarding the nature of his testimony.

### A.     Altman's Likely Testimony Is In The Nature Of Expert Testimony.

Wyeth surmises that plaintiff may call Altman to interpret information contained within Wyeth's and the FDA's safety surveillance computer databases as well as to conduct comparative analyses of those databases. Altman was retained by plaintiff's counsel here, Mr. Vickery, to serve as a consultant in an earlier case against Wyeth, *Ackermann v. Wyeth*.[1] Indeed, the plaintiff asked to have Altman attend *Ackermann* depositions as an expert (presumably non-testifying, since he was never formally designated, and never served an expert report). (02/17/2006 Dep. of Maureen Caulfield, M.D. in *Ackermann* at 05:14-06:05 (Exhibit A).)

As Altman acknowledged in that case, his "primary business is providing litigation consulting and support services relating to discovery and analysis of electronic and paper information in complex litigation." (Affidavit of Keith Altman 1, *Ackermann v. Wyeth*, 11/15/2006, submitted as an exhibit to Plaintiff's Objections to Magistrate's Report and Recommendation Concerning Wyeth's Motion for Partial Summary Judgment (Federal Preemption) (Exhibit B).) According to his affidavit, Altman "was asked by plaintiff's counsel in the *Ackermann* case to consult with counsel to assemble both FDA data, and electronic

---

[1] *Ackermann v. Wyeth*, No. 4-05-cv-0084, E.D. Tex.

discovery, including data, provided by Defendant Wyeth during the litigation." *Id.* at 5. Altman stated that he performed analyses of adverse event information from Wyeth's database and attempted to compare that to FDA databases. *Id.* at 6.

Altman cannot be labeled a "fact" witness and offer that testimony here. If Altman is offered as a lay witness, his opinion testimony would be limited under Federal Rule of Evidence 701 to "those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.*" FED. R. EVID. 701 (emphasis added). Altman is hardly a witness with independent, first-hand knowledge of facts who simply intends to report those relevant facts to the jury. Rather, Altman is a purported expert who gained his knowledge of complex FDA and Wyeth databases, and the coding and meaning of information in those sources, solely through litigation. He analyzes that data at the request of plaintiffs' lawyers, and he is paid for doing so.

Rule 701 was specifically amended in 2000 to avoid situations where experts attempt to masquerade as fact witnesses. The Seventh Circuit observed in discussing the 2000 amendment to Rule 701 that "[t]he amendment was designed to make clear that courts must scrutinize witness testimony to ensure that all testimony based on scientific, technical or other specialized knowledge *is subjected to the reliability standard of Rule 702.*" *United States v. Conn*, 297 F.3d 548, 553-55 (7th Cir. 2002) (holding that testimony of ATF agent that assisted the jury by applying his years of specialized experience and accumulated experience was subject to expert rule 702, not Rule 701) (emphasis added). Indeed, Rule 701 was amended "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple

4

expedient *of proffering an expert in lay witness clothing.*" FED. R. EVID. 701, 2000 advisory committee note (emphasis added).

This is what the plaintiff is trying to do – present Altman as a fact witness who will use his technical or other specialized knowledge to extract otherwise unintelligible data and to tell the jury what he thinks that data means. This testimony requires specialized knowledge of internal Wyeth and FDA protocols and procedures for assembling, reviewing, and populating information into these databases. This is expert testimony.

### B. Altman Should Be Excluded Because Plaintiff Failed To Disclose Him As An Expert.

Because Altman is likely to offer expert testimony, he is subject to the expert disclosure requirements. Parties are, of course, required to disclose the names of all expert witnesses and, in the case of experts retained or specially employed to provide expert testimony, parties are required to produce a written report prepared and signed by the witness. *Musser v. Gentiva Health Servs*, 356 F.3d 751, 756 (7th Cir. 2004) (citing FED. R. CIV. P. 26(a)(2)). As the Seventh Circuit has held, "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."[2] *Musser*, 356 F.3d at 758.

Here, plaintiff's non-disclosure is neither justified nor harmless. If plaintiff had properly identified Altman as an expert witness and produced an expert report as required by FED. R. CIV. P. 26(a)(2)(A) and (B), Wyeth could have taken steps to prepare for Altman's likely trial testimony. Wyeth would have had the opportunity to review his expert report and examine him

---

[2] *See also Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (affirming district court's denial of motion at trial to add "rebuttal" witnesses who should have been disclosed as part of FED. R. CIV. P. 26 requirements); *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007) (affirming district court's decision to strike expert witness's affidavit attached to motion for summary judgment where plaintiff did not disclose expert testimony as required under FED. R. CIV. P. 26(a)); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (affirming district court's exclusion of plaintiffs' experts' testimony where experts' reports were untimely and did not comply with Rule 26 requirements, even though exclusion of experts also resulted in granting of summary judgment against plaintiff).

CLI-1530704v1

at deposition about his opinions. Wyeth could have decided whether to designate an expert witness to rebut Altman's testimony at trial. And Wyeth would have had the opportunity to challenge Altman's testimony by a *Daubert* motion. *See Musser*, 356 F.3d at 757-58. The lack of substantial justification for plaintiff's failure to disclose Altman as a witness, and the very real harm that Wyeth will suffer if Altman is allowed to testify, mandate Altman's exclusion.

### C. Even If Altman Were A Fact Witness, He Should Be Excluded Because Plaintiff Failed To Disclose Him.

Assuming for the sake of argument that Altman is a fact witness, plaintiff was still obligated to disclose him long before May 22. Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires a party to provide other parties with "the name and, if known, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." FED. R. CIV. P. 26(a)(1)(A). Even where a party intends to call a witness only for impeachment purposes, if the concept inherent in the witness's testimony was part of the party's case-in-chief, the witness should be named in pretrial disclosures. *Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (affirming district court's exclusion of two witnesses proffered as impeachment witnesses, where defendant should have known before trial began that witnesses' testimony "was part of [defendant's] primary line of defense").

Under the Federal Rules, the Court's scheduling orders, and Seventh Circuit case law, plaintiff was required to identify Altman as a witness in a timely fashion. Rule 26(e) requires a party to supplement her disclosures "upon learning that h[er] disclosures [are] incomplete." *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007). Merely tacking a name onto a witness

6

list on the eve of trial, long after disclosures were due and discovery has closed, does not satisfy the Federal Rules' disclosure requirements.[3]

Altman's identity or supposed factual knowledge could not be a surprise or sudden revelation to plaintiff's counsel. Counsel has employed Altman in at least one earlier case and Altman has been assisting plaintiff's counsel in the prosecution of this case since at least September 2006 when Altman attended several depositions of Wyeth employees. Given Altman's apparent status as a non-testifying consultant, the non-disclosure of him as a witness of any stripe, and his lack of factual knowledge, Wyeth had no reason or ability to seek any discovery from Altman – discovery of non-testifying consultants is prohibited. Plaintiff's counsel's attempt at the last minute to shift the status of Altman from consultant to non-expert trial witness cannot cure the failure to disclose the witness properly.

## CONCLUSION

Keith Altman is an undisclosed expert witness, who provided no report and was never deposed. Even if he were a fact witness, plaintiff did not disclose his identity until long after discovery had closed. Altman's testimony should be excluded.

---

[3] *Ty, Inc. v. Publications Int'l, Ltd.*, No. 99-5565, 2004 U.S. Dist. LEXIS 1681, at *4 (N.D. Ill. Feb. 9, 2004) (denying motion for reconsideration of exclusion of witnesses first identified on witness list at pretrial conference after close of discovery as violation of mandatory Fed. R. Civ P. 26 discovery obligations), *rev'd on other grounds*, 292 F.3d 512 (7th Cir. 2002); *see also Chen v. Mayflower Transit, Inc.*, 224 F.R.D. 415, 417, 420 (N.D. Ill. 2004) (granting motion to strike late Rule 26(a)(1) witness disclosure and exclude testimony where it was undisputed that defendant "never made (or sought to make) a Rule 26[] disclosure [during discovery] . . . and it is clearly too late to do so.").

CLI-1530704v1

Dated: July 2, 2007                    Respectfully submitted,


                                       /s/ Beth A. Bauer
                                       Larry E. Hepler, #01195603
                                       W. Jason Rankin, #06237927
                                       Beth A. Bauer, #06274533
                                       HEPLER, BROOM, MacDONALD,
                                       HEBRANK, TRUE & NOCE, LLC
                                       Two Mark Twain Plaza, Suite 300
                                       103 West Vandalia Street, P.O. Box 510
                                       Edwardsville, IL 62025
                                       Telephone: (618) 656-0184
                                       Fax: (618) 656-1364

                                       Mark Herrmann, IL #06199919
                                       David Booth Alden (*pro hac vice*)
                                       JONES DAY
                                       North Point
                                       901 Lakeside Avenue
                                       Cleveland, OH 44114-1190
                                       Telephone: (216) 586-3939
                                       Facsimile: (216) 579-0212

                                       Junius C. McElveen, Jr. (*pro hac vice*)
                                       David S. Rutkowski (*pro hac vice*)
                                       JONES DAY
                                       51 Louisiana Avenue, N.W.
                                       Washington, D.C. 20001-2113
                                       Telephone: (202) 879-3939
                                       Fax: (202) 626-1700

                                       **ATTORNEYS FOR DEFENDANT WYETH**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Court on July 2, 2007. Notice of this filing was sent to the following individuals by operation of the Court's electronic filing system:

>Stephen W. Stone – sstone@neondsl.com
>Arnold Anderson Vickery – andy@justiceseekers.com
>Mark A. Kochan – mak@kochanandkochan.com

>/s/ Beth A. Bauer
>Attorney for Defendant Wyeth