UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACQUELYN GILES, Individually and as
Special Administrator of the Estate of Jeff L.
Giles, Deceased,

            Plaintiff,

        v.

WYETH INC, a Delaware Corporation and
its wholly-owned subsidiary, WYETH
PHARMACEUTICALS, formerly known as
AMERICAN HOME PRODUCTS
CORPORATION,

            Defendants.

Case No. 04-cv-4245-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      This matter is before the Court on Defendants Wyeth, Inc. and Wyeth Pharmaceuticals's

Motion for Costs (Doc. 215).  Plaintiff Jaquelyn Giles has filed a Response (Doc. 217) to which

Defendants have Replied (Doc. 220).  For the following reasons, the Court **GRANTS**

Defendants' Motion (Doc. 215).

### BACKGROUND

      On August 10, 2007 the Court entered judgment in the above styled case in favor of the

Defendants Wyeth, Inc. and Wyeth Pharmaceuticals (Wyeth) and against Plaintiff Jacquelyn Giles

(Giles) on claims of breach of warranty and failure to warn.  Wyeth moved for costs in the amount

of $39,409.95 pursuant to Federal Rule of Civil Procedure 54(d).

      Giles requests that the Court, in its discretion, deny Wyeth's Motion because she is indigent

and unable to pay.  Additionally, Giles challenges certain costs including deposition exhibits, ASCI

disks, e-transcripts, and shipping and handling which Wyeth now concedes are not properly charged.

In addition, Giles challenges being charged for both the video taping of video taped depositions and the transcripts of the video depositions, in particular the video depositions that were not used at trial.  Giles also challenges the costs of the preparation of daily transcripts of the trial, multiple copies of transcripts, and  Realtime, pdf, and ptx transcription services.

Wyeth counters that because transcripts have to be provided along with video depositions when video depositions are used at trial, both are properly charged as costs.  Wyeth further asserts that due to the length of the trial (seven days) and its complexity, daily transcripts, Realtime, pdf and ptx services are all appropriate.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Rule 54(d) provides a "a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (internal citations omitted). District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993); *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 943 (7th Cir. 1988), cert. denied, 492 U.S. 918, 106 L. Ed. 2d 589, 109 S. Ct. 3241 (1989).

Generally, only two reasons warrant denying costs entirely: (1) misconduct by the prevailing party worthy of penalty, or (2) the losing party's inability to pay. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).  Here,

2

Giles asserts that "the record is clear regarding Mrs. Giles' meager financial resources." However, Giles submits no evidence and cites to nothing in the record that would permit the Court to overcome the strong presumption established by Rule 54(d) that Wyeth is entitled to costs.  A mere assertion that the plaintiff has limited resources cannot support a finding of indigence.  Therefore, the Court finds that Wyeth is entitled to some costs.

Once the it has determined that costs are appropriate, the Court must examine the particular costs at issue to determine whether they are appropriate. Rule of Civil Procedure 54(d) authorizes district courts to award costs to prevailing parties in accordance with specific statutory authorizations. *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir. 1990).  Among other things, a federal court may tax as costs:

> (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case.

28 U.S.C. § 1920.

However, although costs may be recoverable, the Court, in its discretion, may deny those it believes were not reasonably necessary. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 429 (7th Cir. 2000).  First, the Court notes that Wyeth admits that certain of its charged costs, namely the deposition exhibits, ASCI disks, e-transcripts, and shipping and handling, are properly excluded. These excluded costs total $2,655.95.

Additionally, the Court finds that the daily transcripts and Realtime, pdf and ptx transcription services were not reasonably necessary costs.  Wyeth cites *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000), for the proposition that such costs are reasonable. However, the court in *Majeske* specifically found that the City had established that it obtained

3

the daily transcripts for use during trial.  Wyeth has not made a similar showing.  Likewise, the district court cases cited by Wyeth all specifically found the need for daily transcripts, whether because the witnesses spoke English as a second language or because of some other set of facts and circumstances that made the preparation of daily transcripts a reasonable expense.  The Court finds that no such set of facts and circumstances exist in this case.  Therefore, the Court will deny the charges for daily transcripts and Realtime, pdf and ptx transcription services as not reasonably necessary.  These charges total $16,270.84.  In all, the Court will reduce the requested costs by $18,926.79.

**CONCLUSION**

For the aforementioned reasons, the Court **GRANTS** Wyeth's Motion for Costs (Doc. 215) in the amount of $20,483.16.


**IT IS SO ORDERED.**
**DATED: October 3, 2007**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4